# REPORTS.

Cases argued and decided in the Supreme Court of the Territory of Wisconsin at the July Term, A. D. 1842.

[Reported by T. P. Burnett, Reporter for the Territory.]

JAMES D. DOTY, *impleaded with* DAVID JONES *and* ALEXANDER J. IRWIN, *Plff in Error.* } *Error to Dane County.*
vs.
MOSES M. STRONG, *Def't in Error.*

A writ of error may be quashed, when it does not agree with the record of the case.

All the *persons* against whom a judgment is given, *must* be named as plaintiffs in a writ of error to reverse the judgment.

Although the proceeding of summons and severance is not familiar in American practice, the more easy and equally legitimate course, is to enter a rule against those who are named in the writ as plaintiffs and who have not appeared, either to appear and assign error, or suffer to be severed.

At the November Term, 1841, of the Dane District Court, Strong obtained judgment, in an action of assumpsit, against Doty, Jones, and Irwin. To reverse the judgment, Doty alone, prosecuted this writ of error, and entered into a bond for a supersedeas in his own name, without joining his co-defendants in the original action.

The defendant in error moved the court to quash the writ and dismiss the cause, because,

" 1st. The writ of error is prosecuted in the name of Doty alone, although the judgment which it is brought to reverse, is against the said Doty, Jones, and Irwin: and 2d. The bond for the supersedeas is informal and insufficient."

In support of this motion, BURNETT and DUNN for the defendant in error, contended:

That where a judgment is given against several, one only, cannot prosecute a writ of error to reverse it. If the writ is sued out, it must be in the names of all the defendants against whom the judgment was given. If each one was allowed his separate writ,

they could bring up the case successively, although the judgment should be affirmed once or more; and as a writ for one would be a supersedeas for all, the practice would tend to vexation and delay. See 2 Bac. Abr. Title Error, B. page 461, and the authorities there cited. 2 Tidd's Prac. 1053, 1054. 3 Burr. 1789. Graham's Practice, 770, 771, 772. In such case, if the writ be brought by one or more of the defendants only, and not in the names of all, the court will quash it; 2 Tidd 1054. 2 T. R. 788. 3 Burr. 1789. 1 Wils. 88.

The bond in this case is defective. It does not conform to the statute, nor does it correspond with the record of the cause, and a recovery could not be had upon it in case the judgment should be affirmed.

JACKSON, for plaintiff in error:

The writ is properly brought in the name of one only of the defendants below. He is the one who complains of the error, and for aught that appears, the others may be satisfied to let the judgment rest. He has no power to compel them to join in the writ or to sign the bond, and if they neglect or refuse to do so, the defendant, Doty, cannot be deprived of his remedy. He is entitled to the writ in his own name as a matter of right.

Chief Justice DUNN delivered the following opinion of the Court upon the motion.

The defendant in error moved the court to dismiss the writ of error herein for two reasons: "1st. The writ of error is prosecuted in the name of Doty alone, although the judgment which it is brought to reverse was against the said Doty, Jones, and Irwin. 2d. The bond for supersedeas is informal and insufficient."

The record in this case from the District Court of Dane county, shows, that at the November term of 1841 of said court, a judgment was rendered in favor of the said defendant, Strong, against the said plaintiff, James D. Doty, Alexander J. Irwin, and David Jones. To reverse this judgment, Doty, plaintiff in error, and one the defendants against whom the said judgment was rendered, has prosecuted this writ of error separately from the other defendants in the judgment. The case, as it is now presented on the motion submitted, being thus correctly stated, the court will proceed to examine the merits of the motion to dismiss upon the grounds set forth.

It is not only a rule that no person, not a party, can sue out

a writ of error, but it is also a settled rule that it must be brought in the names of *all* the parties against whom the judgment is given: And notwithstanding the death of any of the parties, though the survivors must bring the writ, he must still be named and his death must be alledged. And this is the rule, both that the writ of error may agree with the record, and to prevent vexation; for if each party may bring a writ, they might do it successively, to the great prejudice and delay of the plaintiff, who, in the opinion of the ablest jurists, cannot sue out execution against any one where a writ of error is awarded, even on the application of the others. A writ of error which in this respect is erroneous, may be quashed. Carth. 8. Ld. Ray. 71. Saun. 101. f.

When one of several defendants brings a writ of error in which the others are unwilling to join, he must do it in the name of all, and those who refuse to appear and assign errors, must be *summoned* and *severed*, and then the writ of error must be proceeded in by the rest only; and the defendant who prosecutes the writ, will not be compelled to proceed, until they have been summoned and severed. Saund. *ubi sup*. Thus the writ of error corresponds with the record; and moreover the other parties would be forever after barred of the writ; see Bac. Summons, H. So that both purposes are subserved by this course of proceeding.

To this general rule there is this obvious exception, that if one of the defendants in an action of *tort* is acquitted, he need not be joined, because he cannot say that the judgment is to his damage; and moreover, for the reason that he can never vex the plaintiff with another writ of error. The suit, however, should be described in the writ according to the record, and thus both objects of the law herein will be obtained. Saund. *ubi sup*.

In 6 Serg. & Rawle, in the case of Folterall vs. Floyd, this doctrine is fully recognized on full argument and reference to authorities. Hacket vs. Horne, Carth. 7. Walter vs. Stokoe, 1 Ld. Ray. 71. Brewer vs. Turner, 1 Str. 233. Cooper vs. Ginger, reported in 1 Str. 606, and Ld. Ray. 1403. And the principle decided in Hacket vs. Horne is mentioned and acknowledged in the case of Knox vs. Costello, 3 Burr. 1789.

The practice of summons and severance is not familiar to the American courts of error. The more easy and equally legitimate practice, would be to enter a rule against those persons named in the writ of error as plaintiffs and not appearing, either to appear

and assign error or submit to be severed.　In any practice, however, all the defendants in judgment must first join in suing out the writ of error.　We are of opinion, therefore, that the writ of error in this case be quashed for the first reason assigned in the motion of the defendant, without considering the second reason which goes to the form and sufficiency of the bond, which it is not necessary to consider at this time.

At a subsequent day of the term, the plaintiff moved the court for a rehearing:

SMITH for plaintiff in error:

The praecipe for the writ in this case, was made out and filed with the clerk in the names of all the defendants in the court below, and if the writ was not issued according to the praecipe, it is clear that it may be amended.　But whether the writ might be amended or not, is not material.　A party has a right to the writ separately.　The old doctrine of summons and severance is obsolete, and has not been adopted in practice in this country.　By the decision of the Supreme Court of the United States in the case of *Cox and Dicks vs. the United States*, 6 Peters 172, one defendant may bring a writ of error alone, without joining the others; and the practice recognized in that case does not come within the reasoning of the court in the opinion already delivered in this case.　One party cannot compel the others to join in the writ and sign the bond.　Some may be absent, or refuse, and the reason of the English doctrine does not exist here.　There the writ and bail in error, supersede the whole judgment; here it is only a supersedeas as to the party who sues out the writ and gives the bond, and the plaintiff below may pursue his judgment as against the others who do not join.

BURNETT, contra.

The first ground assumed in support of the motion now before the court is, that the praecipe was made out in the names of all the defendants below, and that the writ may be amended to correspond with the praecipe.　The suggestion comes too late.　The court will not set aside the decision given, to afford an opportunity to amend the papers or process, when no motion to amend was ever made.　Besides, it is proven to the court that the praecipe was altered by the plaintiff in error himself, and that the writ was issued in its present form by his direction.

The case of *Cox and Dicks vs. the United States*, cited from 6

Peters by the plaintiff's counsel, is not analagous to this case, nor does it support the position assumed. There the parties had separate defences in the court below, and although they prosecuted separate writs of error, they were all before the court.

Chief Justice Dunn delivered the opinion of the court upon the motion.

The court could not, unless for extraordinary reasons, entertain this motion. The reason for entertaining the motion urged by counsel for the plaintiff, is, " that a decision of the Supreme Court of the United States, in Cox and Dicks vs. the United States, reverses the principles decided by this court on the motion to dismiss herein." From a minute and careful inspection of that decision, this court is unanimously in the opinion, that it is a case by no means in point. The motion was decided on different grounds entirely; and the reasons which influenced the court in that case, as far as they can be inferred from the arguments of counsel, (for they are not assigned in the decision,) are such as conduce to satisfy this court still more clearly, if any thing were wanting, that their opinion on the motion in the case at bar, was correct.

We understand these to have been the reasons why the motion to dismiss was overruled. All the parties were before the court. They had separate grounds of defence, and the court below allowed them to sever in their answers. Judgment was awarded against all in *in solido*, and separately for the whole amount against two of the defendants. They had both sued out a writ of error, and the motion should have been to consolidate. The parties had distinct grounds of error, and claimed distinct remedies. It was insisted in argument, that the case of Williams vs. Bank, in 11 Cranch, was not applicable, because Williams alone took up the cause; but in that case the court was understood to recognize the principle in practice of *summons* and *severance*.

If the Supreme Court of the United States had decided that the practice of *summons* and *severance* was *obsolete* in reference to error in that court, (which, however, they did not,) still, if this court had entertained the practice, it never having been reversed by any judicial decision upon *principle*, it certainly would not have been treated as error by the Supreme Court.

Motion overruled.

Wm. R. Smith and M. M. Jackson, for plaintiff in error.

T. P. Burnett and F. J. Dunn, for defendant in error.